**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF CAPITOLA, | Case No.: 12-3428 LHK (PSG) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S** |
| v. | **MOTION TO COMPEL** |
| | **PRODUCTION** |
| LEXINGTON INSURANCE CO., | |
| Defendant. | **(Re: Docket No. 40)** |

This case revolves around whether the water system that failed in Plaintiff City of Capitola ("Capitola") after a March 24, 2011 storm is a "pipe" or a "culvert."[1]  A "pipe" subjects Capitola to a $10,000 deductible under the terms of an insurance policy issued by Defendant Lexington Insurance Co. ("Lexington"), whereas a "culvert" increases that deductible to $500,000.[2]  Presently at issue are files created by Lexington's engineering consultant URS and its subcontractor V&A Consulting ("V&A") regarding their study of the water system failure.  Before the initiation of this suit, Capitola's city attorney turned over two documents to Lexington referring to URS's study: (1) a May 31, 2011 summary of URS's report describing the problem as a failure at the junction

---

[1] *See* Docket Nos. 40, 44.

[2] *See* Docket Nos. 40, 44.

1

Case No.: CV-12-3428 LHK (PSG)
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION

between the system and a "culvert"; and (2) an October 24, 2011 letter from URS clarifying that the system itself is not "culvert."[3]  Capitola has asserted work-product immunity over the remaining documents drafted by URS.[4]

After Lexington served a subpoena duces tecum on other consultants of Capitola, these consultants produced two other documents created by URS: (1) a May 16, 2011 four-page report on which the May 31 two-page report was based; and (2) an October 11, 2011 communication between URS and Capitola in which URS indicated it believed the system was itself a culvert.[5] The URS email followed an email conversation among Capitola representatives about Lexington's denial of Capitola's claim and Capitola's concerns that URS's report was the grounds for that denial.[6]

Lexington now seeks the rest of the file generated by URS because these latter two documents suggest that Capitola selectively waived its work-product immunity to share only reports by URS that were favorable to it.  Lexington also wants to prevent Capitola from clawing back the documents.  Before this disclosure, Capitola maintained in correspondence with Lexington that Lexington's reliance on URS's use of "culvert" in the May 31 letter was misplaced because Lexington had taken URS's comment "out of context" and in any event the characterization "is not a substitute for an informed coverage analysis of policy language by those who understand it."[7]

---

[3] *See* Docket No. 40 Exs. 2, 10.

[4] *See* Docket No. 44 Ex. 1-6.

[5] *See* Docket No. 40 Exs 12, 22.

[6] *See id.* Ex. 8.

[7] *See id.* Ex. 15.

2

Case No.: CV-12-3428 LHK (PSG)
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The work-product doctrine protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation."[8]  "[C]ourts are in accord that the attorney work-product privilege is not absolute and may be waived, for example, when an attorney attempts to use the work-product as testimony or evidence, or reveals it to an adversary to gain an advantage in litigation."[9]  Waiver for the benefit of the party who owns the privilege precludes limiting the waiver to avoid disclosing disadvantageous information.[10]

Although Capitola focuses on whether the consultants' production of the May 16 and the October 11 documents was a waiver of its work product privilege, the court finds a waiver was effected by the voluntary disclosure of the May 31 and the October 24 documents by Capitola. Even if the URS file and the four disclosed documents are indeed work product, Capitola's attempt to share only documents that support its position, or at least mitigate Lexington's, while withholding the remaining documents underlying that position or reflecting less advantageous information is impermissible.  Capitola put URS's work product at issue by offering some of the URS product that is not particularly damaging.  It cannot disclaim the damaging parts by referencing "context" and then use the work-product doctrine to avoid telling Lexington what that context is.

---

[8] *In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 906 (9th Cir. 2003); *see* Fed. R. Civ. P. 26(b)(3).

[9] *United States v. Reyes*, 239 F.R.D. 591, 598 (N.D. Cal. 2006); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010).

[10] *See United States v. Nobles*, 422 U.S. 225, 239-40 (1975) (holding that a party "can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination.").

3

Case No.: CV-12-3428 LHK (PSG)
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Although Fed. R. Evid. 502(a) does not apply because the disclosure occurred prior to the initiation of the suit, its methodology for determining the scope of waiver is instructive.[11]  Here, Capitola intentionally shared the May 31 and the October 24 letters.  Those letters cover the same subject matter as the files Capitola intends to withhold, namely URS's investigation.  Based on Capitola's attempt selectively to use URS's investigation to its benefit, in fairness Lexington ought to have access to the withheld documents.  As Capitola indicated in its motion for summary judgment currently before Judge Koh, the parties agree that the URS investigation provides the undisputed facts of the case.[12]  Following Capitola's voluntary disclosure of part of that investigation, Lexington now is entitled to see URS's entire investigation.

Lexington's motion to compel the URS and V&A files regarding the investigation is GRANTED.  The files shall be produced immediately.

**IT IS SO ORDERED.**

Dated: March 13, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[11] *See Wi-LAN Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1369 (Fed. Cir. 2012) (noting that the fairness principle underlying Fed. R. Evid. 502(a) should apply under Ninth Circuit precedent in the prelitigation context).

[12] *See* Docket No. 36.

4

Case No.: CV-12-3428 LHK (PSG)
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION